

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

June 17, 1969

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. M-418

Re: Construction of H.B.
1158, Acts of the 61st
Legislature amending
Section (9), Article 7.08,
Title 122A, Taxation-
General, relating to
payment for cigarette
stamps.

Dear Mr. Calvert:

You have requested our opinion concerning the effect of
H.B. 1158 on the availability of money received in payment for
cigarette stamps and meter settings during the month of August.

Section (9), Article 7.08, Title 122A, Taxation-General, as
amended by H.B. 1158, provides in part as follows:

"The _State Treasurer_ shall require that payment
in full for stamps or meter settings be made within
fifteen (15) days from the date the stamps or the
set meter are received by the distributor. _In each_
_fiscal year, payment for stamps and meters received in_
_August of that year shall be paid in full on or before_
_August 31 no matter when purchased or received by the_
_distributor during that month._" (Emphasis added.)

In _Muldrow v. Texas Frozen Foods, Inc._, 157 Tex. 39, 299
S.W.2d 275 (1957), the Supreme Court of Texas held that taxes
were not paid to the State until the tax money becomes available
to the State.

- 2088 -

Section (9) of Article 7.08 requires in each fiscal year that payment for cigarette stamps and meter settings received in August of that year to be paid in full on or before August 31 regardless when purchased or received by the distributor during that month. These provisions are mandatory. In view of the holding in Muldrow v. Texas Frozen Foods, Inc., supra, money due the State must become available to the State during the fiscal year in which the cigarette tax stamps and meters are received by the distributor.

This mandatory provision was apparently provided by the Legislature for the reason that Section 49a of Article III of the Constitution of Texas provides:

"From and after January 1, 1945, no bill containing an appropriation shall be considered as passed or be sent to the Governor for consideration until and unless the Comptroller of Public Accounts endorses his certificate thereon showing that the amount appropriated is within the amount estimated to be available in the affected funds." (Emphasis added.)

Therefore, the provisions of Section (9) of Article 7.08 above quoted, requires all revenue to be available to the State during the fiscal year when cigarette tax stamps and meters are received by the distributor.

You are therefore advised that Section (9) of Article 7.08, Title 122A, Taxation-General, Revised Civil Statutes of Texas, 1925, as amended by H.B. 1158, Acts of the 61st Legislature, 1969, requires that payment for cigarette tax stamps and meters received by the distributor during the month of August shall be paid in full to the State Treasurer before the end of the fiscal year.

Article 1.13, Title 122A, Taxation-General, referred to in your request has no application to monies due under the provisions of Section (9) of Article 7.08 for the reason that Article 1.13 applies to reports and payments to be remitted to the Comptroller of Public Accounts, while Section (9) of Article 7.08 applies to monies to be paid to the State Treasurer.

Accordingly, all monies due for cigarette tax stamps and meters received by the distributor during August must be considered as revenue available to the State within the meaning of Section 49a of Article III of the Constitution of Texas during that fiscal year for the reason that such monies are required to be paid in full before the end of the fiscal year.

## S U M M A R Y

Section (9) of Article 7.08, Title 122A, Taxation-General, Revised Civil Statutes of Texas, 1925, as amended by House Bill 1158, Acts of the 61st Legislature, 1969, requires that payment for cigarette tax stamps and meters received during the month of August shall be paid in full before the end of the fiscal year and all monies due for cigarette tax stamps must be considered as revenue available to the State during the fiscal year.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

Honorable Robert S. Calvert, page 4 (M-418)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Louis Neumann
Robert Crouch
Roland Allen
John Grace
Terry Goodman
John Banks

HAWTHORNE PHILLIPS
Executive Assistant